IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMUEL BERMUDEZ**, | : | CIVIL ACTION NO. 1:14-CV-0153 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **J.E. THOMAS**, | : | |
| Respondent | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed on January 29, 2014, by petitioner, Samuel Bermudez ("Bermudez"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania. Bermudez alleges that his due process rights were violated in the context of a prison disciplinary hearing. The petition is ripe for disposition and, for the reasons that follow, will be denied.

**I.**     **Background**

In Incident Report Number 2368213, dated October 26, 2012, Bermudez was charged with possession of a weapon in violation of Federal Bureau of Prisons ("BOP") Prohibited Acts Code Section 104. (Doc. 10-1, at 12). The incident is described by the reporting officer as follows:

> On the above stated date and time while conducting random pat searches in Green Corridor, of inmates exiting the chow hall, I conducted a pat search on inmate Bermudez, Samuel reg # 91459-038. During the pat search, I had felt a hard foreign object hanging below the groin

> area. Inmate Bermudez was escorted to the Lieutenants [sic] office and secured in the holding cells. After I secured him in the holding cell he handed me a prison made weapon approximately 7 inches in length with a sheet wrapped around it for a handle and piece of black string attached as a lanyard. Operations Lieutenant was then notified.

(Id.)

Bermudez was notified of the incident report on October 26, 2012, at which time he stated "[i]t's my weapon." (Id. at 13). On October 28, 2012, he was informed him that the matter would proceed to a disciplinary hearing and was provided with a form entitled "Inmates Rights at Discipline Hearing" which advised him of the rights associated with the hearing process. (Id. at 15-17). However, he refused to affix his signature acknowledging receipt of the form. (Id. at 15, 17).

The disciplinary hearing was held on November 1, 2012. (Id. at 18). He chose not to make a statement during the hearing. (Id.) Based on the evidence presented, which included the incident report and an investigation, and a photograph depicting the weapon, the disciplinary hearing officer found that Bermudez committed the acts as charged and sanctioned him with a loss of fifty-four days of good conduct time, 120 days of disciplinary segregation, 360 days suspended disciplinary segregation, as well as other penalties. (Id. at 19-10).

Bermudez did not immediately appeal the disciplinary hearing officer's decision. Rather, he waited until September 5, 2013, at which time he submitted several appeals to the Northeast Regional Office. (Doc. 10-1, Declaration of Michael FiggsGanter, BOP Attorney Advisor ("FiggsGanter Decl."), ¶ 5). The appeals that were assigned Remedy Numbers 748886-R-1 and 748886-R-2 were voided; the

appeal designated Remedy Number 748886-R-3 was rejected as untimely. ( Doc. 10-1, pp. 7, 8, 11.)  Thereafter, Bermudez was given an opportunity to explain the untimeliness of his appeal. (Doc. 10-1, FiggsGanter Decl. ¶ 5).  He failed to  provide either an adequate explanation or sufficient proof to excuse the significant filing delay.  (Id.)

The instant petition was filed on January 29, 2014.  (Doc. 1).

## II.     Discussion

Respondent argues that the petition should be denied based on Bermudez's failure to comply with the BOP's administrative review process.  (Doc. 10, at 5-8). Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241.  Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons:  (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. See, *e.g.*, Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir.

1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, No. 00-2958, 2000 WL 1022959, at *2 (E.D.Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

In general, the BOP's administrative review remedy program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for review of an issue which relates to any aspect of their confinement. (Doc. 10-1, FiggsGanter Decl. at ¶ 4 citing 28 C.F.R. §§ 542.10–542.19). With respect to disciplinary hearing decision appeals, a BOP inmate can initiate the first step of the administrative review process by filing a direct written appeal to the BOP's Regional Director (thus bypassing the institutional level of review) within twenty (20) days after receiving the DHO's written report. (Id., citing 28 C.F.R. § 542.15(a)). If dissatisfied with the Regional Director's response, a Central Office Appeal may than be filed with the BOP's Office of General Counsel. (Id., citing 28 C.F.R. § 542.18). This is the inmate's final available administrative appeal.

In the matter *sub judice*, Bermudez waited almost eleven months to appeal the decision of the disciplinary hearing officer, well beyond the allotted twenty days provided by the BOP regulations. There can be no doubt that the appeal was patently untimely and, therefore, appropriately rejected. Because he has not alleged facts that would permit the court to find that exhaustion would have been

futile, or that requiring exhaustion would subject him to "irreparable injury," the petition will be denied for failure to exhaust administrative remedies.  To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing prisoners to invoke the judicial process despite failing to complete administrative review.

### III.     Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be denied. An appropriate order will issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:         August 12, 2014